IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Alicia Diane Jacobs,

    Plaintiff,

vs.                                              Case No. 14-1334-JTM

Oxford Senior Living, and Todd Lewis,

    Defendants.

MEMORANDUM AND ORDER

Plaintiff Alicia Diana Jacobs, appearing *pro se*, filed this lawsuit alleging that her employer, Oxford Senior Living, violated her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, when it terminated her employment because of her arrest record. Her Complaint (Dkt. 1, at 3) states defendant has "several felons employed," and that "im [sic] not a felon."

The matter is now before the court on the Motion to Dismiss (Dkt. 22) of individual defendant Todd Lewis, cited in the Complaint as "mba, Phr. Corporate director People Service." Lewis should be dismissed, the defendants argue, because he is a supervisor and corporate officer, and thus not an "employer" of Jacobs for purposes of Title VII. *See Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996).

Jacobs has filed no response in opposition to the Motion to Dismiss. The court notes

that following the Motion to Dismiss, Jacobs has filed several pleadings, marked by the Clerk of the Court as Exhibits in Support of her Complaint (Dkt. 24, 26). These pleadings are similar to other pleadings submitted previously by Jacob. Thus, she filed a Response (Dkt. 11) to the defendants' Answer, in which she simply repeated her version of the events previously set forth in her Complaint. The Magistrate Judge granted defendants' Motion to Strike (Dkt. 12) the Response as redundant. (Dkt. 15). Jacobs then filed a Motion for Reconsideration (Dkt. 16), which the court denied, stressing that Jacobs' pleadings were "duplicative of the information contained in the Complaint, and [plaintiff] will have the opportunity to present additional information through discovery and/or further pleading as the case progresses." (Dkt. 17).

None of the additional Exhibits filed by Jacobs is *responsive* to the issue of Lewis's liability. Plaintiff submits no factual or legal argument for the individual liability of Lewis under Title VII, and accordingly the Motion to Dismiss is hereby granted, both for good cause shown and pursuant to D.Kan.R. 7.4

IT IS ACCORDINGLY ORDERED this 10th day of March, 2015, that the defendant's Motion to Dismiss (Dkt. 22) is hereby granted.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE