IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Alicia Jacobs,

      Plaintiff,

vs.                           Case No. 14-1334-JTM

Oxford Senior Living,

      Defendant.

MEMORANDUM AND ORDER

*Pro se* plaintiff Alicia Jacobs has brought the present action against Oxford Senior Living alleging that the defendant illegally discriminated against her when it considered her criminal history in terminating her employment as a Certified Nurse's Assistant in its adult care facility. The matter is before the court on the defendant's Motion to Dismiss or for Fees and Expenses. (Dkt. 29).

The defendant seeks relief pursuant to Fed.R.Civ.Pr. 41(b), which provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The defendant's motion establishes that plaintiff Jacobs failed to appear for her scheduled deposition. When defendant's attorney telephoned Jacobs, she stated that she had forgotten about the

deposition, and agreed to drive to the location where the deposition was scheduled.

While Jacobs did ultimately appear at the deposition, when asked details about her criminal background, she responded that "I feel that that don't have anything to do with this lawsuit, so I'm not going to answer you." (Dkt. 30, at 5). Jacobs refused to wait for a ruling on relevancy by the supervising Magistrate Judge, stating again, "I'm not going to answer you. I feel that's not – I feel that's irrelevant." (*Id*. at 6). Ultimately, Jacobs walked out of the deposition after a mere ten minutes, stating:

> Well, then I don't even want to do this…. Because – and I don't want to do it, so therefore, you can do – because you're worried about the wrong things…. So you can call the judge or do whatever you need to do.

(*Id*. at 7). Defendant seeks either dismissal of the action, or, in the alternative, an award of its fees and expenses in seeking relief to compel plaintiff's adherence to the orders of the court.

Jacobs has submitted a Response to defendant's motion, but this Response only confirms the defendant's right to relief. That is, although Jacobs purports to offer an apology for any inconvenience to the court, the Response stresses that the deposition was very "unfair" and was simply an attempt to "assasinate [sic] my charachter [sic]." (*Id*.) Jacobs' only explanation for the supposed unfairness, however, is the deposition was attended by defendant's counsel and by a representative of the defendant. Defendant's counsel, Jacobs argues, "is not my attoney [sic] nor does she have my best intrust [sic]." (*Id*. at 1).

The plaintiff's Response thus does nothing to indicate that the plaintiff will comply with the orders of the court regarding discovery in the case. To the contrary, the Response

clearly indicates that plaintiff will continue to refuse to abide by the directions and orders of the court.

The court would ordinarily be inclined to grant the lesser sanction of an award of fees and costs. However, plaintiff's Response preemptively asserts that she has no resources to pay the defendant's costs. (*Id*. at 1). As a result, the court has no means to ensure compliance with its discovery directives short of dismissal of the action. The plaintiff's refusal to participate in the deposition, refusal to await any ruling by the court as to relevancy, and continuing refusal to agree to answer questions in any future deposition, is without justification. Further, these refusals have substantially interfered in the prosecution of the present action. The court finds that dismissal of the action is appropriate under Rule 41(b).

In determining the appropriate relief under Rule 41(b), the court must consider " '(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'" *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). *See also Ecclesiastes 9:10-11-12, Inc., v. LMC Holding Co.*, 497 F.3d 1135 (10th Cir. 2007).

Here, as noted earlier, the plaintiff has preemptively established that the imposition of costs or fees as a lesser sanction is not viable. The refusal to participate in the deposition is unjustified and worked to the substantial prejudice of the defendant. While plaintiff had not been previously warned of dismissal as a possible sanction, several of her pleadings

indeed were stricken by the Magistrate Judge (Dkt. 15, 17), with the specific admonition that she would "present additional information through discovery and/or further pleading as the case progresses." Plaintiff has indicated a categorical unwillingness to provide such additional information. Her conduct in walking out of the deposition *even as counsel attempted to telephone the court* indicates a clear intent to avoid the direction of the court. Most importantly, the absence of a prior warning is more than counterbalanced by plaintiff's present Response (Dkt. 31), which indicates a continuing refusal to respond to defendant's legitimate discovery requests.

IT IS ACCORDINGLY ORDERED this 18th day of May, 2015, that the defendant's Motion to Dismiss (Dkt. 29) is hereby granted.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE